**United States District Court**
**District of Massachusetts**

---------------------------------------
                                      )
NICHOLAS BOCCIO,                      )
      Plaintiff,            )
                                      )
      v.                    )        Civil Action No.
                                      )        08-11616-NMG
AMERICAN BIBLE SOCIETY and            )
CHERYL ROOKS,                         )
      Defendants.           )
---------------------------------------)

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se plaintiff Nicholas Boccio ("Boccio") is a prisoner at MCI Cedar Junction in South Walpole, Massachusetts. After his complaint was dismissed, he filed a "motion for relief from judgment" which the Court addresses as follows.


**I.  Background**

On September 16, 2008, Boccio filed a complaint alleging 1) breach of contract and deceit in advertising in violation of M.G.L. c. 93A and 2) other state law and federal common law violations against defendants American Bible Society ("ABS") and its employee, Cheryl Rooks ("Rooks") (collectively "the defendants"). Boccio alleges that he ordered a Hebrew/English Bible from the defendants for $17.99 but was sent the JPS Hebrew/English Tanakh Pocket Edition. He asserts that ABS has refused to correct the mistake. In his complaint, Boccio states

-1-

that jurisdiction for his suit is based on federal common law pursuant to 28 U.S.C. § 1331, diversity of citizenship pursuant to Article III, Section 2 of the United States Constitution and an act of Congress regulating commerce pursuant to 28 U.S.C. § 1337(a).

On October 1, 2008, this Court allowed Boccio to proceed <u>in forma pauperis</u> and assessed a filing fee pursuant to 28 U.S.C. § 1915(b) but dismissed the action for lack of subject matter jurisdiction.  The Court found that 1) there was nothing in the complaint from which the Court could infer that 28 U.S.C. § 1337(a) is applicable, 2) Boccio's reliance on 28 U.S.C. § 1874 (addressing "forfeitures annexed to any articles of agreement, covenant, bond, or other specialty") was unavailing, 3) Boccio failed to cite any federal common law and the Court was unaware of any federal common law which was applicable to the circumstances and 4) Boccio failed to meet the requirements for establishing diversity of citizenship because he did not allege the citizenship of the defendants and the amount-in-controversy requirement was not satisfied.

Boccio appealed the Court's October 1, 2008, order but on February 20, 2009, his appeal was dismissed because he had failed to pay the district court filing fee or, alternatively, to file the necessary Prisoner Litigation Reform Act ("PLRA") forms in violation of the First Circuit Court of Appeal's order to do so.

On February 5, 2009, while his appeal was pending, Boccio filed his "motion for relief from judgment."  In that motion, Boccio asserts that the Court erroneously assessed a filing fee because the PLRA does not apply to prisoners' suits which do not involve prison conditions.  He also claims that the Court erroneously found jurisdiction to be lacking.  He contends that diversity jurisdiction exists based on Article III of the United States Constitution because he is a citizen of Massachusetts and the defendants' principal place of business is located in New York.

## II.  Legal Analysis

### A.    Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), any "prisoner" who brings a civil action (or files an appeal) in forma pauperis is required to pay the full amount of a filing fee, although it may be paid in monthly installments pursuant to 28 U.S.C. § 1915(b)(2).  Boccio fits the definition of a "prisoner" because he is currently incarcerated.  See 28 U.S.C. § 1915(h).

Boccio alleges in his motion that he should not have to pay the filing fee assessed under the PLRA because that statute, as codified at 42 U.S.C. § 1997e, applies only to suits (unlike his) that are brought with respect to prison conditions.  The PLRA is codified in various sections of the United States Code, including 42 U.S.C. § 1997e and 28 U.S.C. § 1915.  Section 1997e concerns,

among other things, the applicability of administrative remedies to prisoner suits, dismissal of prisoner suits, attorney's fees and limitation on recovery and hearings.  Section 1915, on the other hand, concerns judicial procedure, filing fees and proceedings in forma pauperis.  Because Boccio filed the instant case in forma pauperis and the dispute is over assessment of the filing fee, § 1915(a)(1)-(h) rather than § 1997e, applies.  Thus, Boccio's argument with respect to § 1997e is unavailing.

Boccio also argues that, because § 1915(b)(1) and § 1997e "arguably refer[] to the same subject matter, the more specific statute controls," citing Skerry v. Mass. Higher Ed. Assistance Corp., 73 F. Supp. 2d 47, 52 (D. Mass. 1999).  In the instant case, Boccio argues that § 1997e is the more specific statute because it applies only to plaintiffs whose claims concern prison conditions whereas § 1915(b)(1) applies to any plaintiffs' claims.  Because § 1997e does not apply to his claim, he alleges that he should not have to pay the filing fee assessed in forma pauperis.

Boccio's argument based on Skerry is untenable because its holding applies only when the two statutes at issue conflict.  See 73 F. Supp. 2d at 52.  In forma pauperis filing fees under the PLRA are covered under § 1915, not § 1997e.  Because § 1915 concerns judicial proceedings and assessment of filing fees whereas § 1997e concerns, inter alia, remedies available to

prisoners and dismissal of prisoner suits, the two do not
conflict and, therefore, § 1997e does not apply to this case.
Boccio must comply with the filing fee requirement of § 1915.

In addition, Boccio incorrectly interprets <u>Felder</u> v. <u>Casey</u>,
487 U.S. 131, 148 (1988), and <u>United States</u> v. <u>Catalan-Roman</u>, 329
F. Supp. 2d 240, 250 (D.P.R. 2004), as standing for the
proposition that the PLRA applies only to inmate suits about
prison life.  The courts in those cases refused to apply the
exhaustion requirement of § 1997e in cases that do not concern
prisoners challenging the conditions of their confinement.
Neither case involved the filing fee requirement and, therefore,
they are inapposite in Boccio's case.  Accordingly, Boccio has
failed to demonstrate that he was improperly assessed a filing
fee.

**B.    Subject Matter Jurisdiction**

Article III, Section 2 of the United States Constitution
extends the judicial power to all cases "... arising under [the]
Constitution, the laws of the United States, and treaties..." as
well as to cases "between citizens of different states."

By statute, federal district courts have original
jurisdiction over 1) all civil actions "arising under the
Constitution, laws, or treaties of the United States" pursuant to
28 U.S.C. § 1331, 2) all civil actions "where the matter in
controversy exceeds $75,000 and is between citizens of different

states" pursuant to 28 U.S.C. § 1332 and 3) "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies" pursuant to 28 U.S.C. § 1337.

Boccio alleges that he does not need to satisfy the amount-in-controversy requirement of § 1332 because he does not base jurisdiction on that statute but rather on Article III of the Constitution.  Although Article III authorizes federal courts to hear cases in which parties are citizens of different states, those courts are given power by Congress to hear such cases only pursuant to § 1332.  Thus, to bring a suit in federal district court based on diversity jurisdiction, Boccio's suit must meet the requirements of § 1332.  Because Boccio alleges damages in the instant case in the amount of $17.99, well below the minimum amount-in-controversy, diversity jurisdiction does not exist.

Next, Boccio alleges that his claim satisfies federal question jurisdiction pursuant to § 1331 because it involves federal common law even though none is cited in his complaint. For § 1331 to apply, it must be apparent from the face of the plaintiff's complaint that the alleged cause of action is either a) created by federal law or b) based on state law but has an "essential element" based on federal law that creates a cause of action.  Grable & Sons Metal Prods., Inc. v. Darue Eng, & Mfg., 545 U.S. 308, 312 (2005); see also Louisville & Nashville R.R. v.

Mottley, 211 U.S. 149, 152 (1908).  It is not apparent from the face of Boccio's complaint that his cause of action was either created by federal law or that federal law is an essential element of it and, thus, Boccio cannot rely on federal common law as a basis for this Court's jurisdiction over his case.

Boccio also asserts that his claim satisfies federal question jurisdiction because federal common law gives him the right to enforce contracts.  In support thereof, Boccio cites United States v. Winstar Corp., 518 U.S. 839, 885 (1996) and Patterson v. McLean Credit Union, 491 U.S. 164 (1989), superseded by statute, 42 U.S.C. § 1981(b), as recognized in CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951, 1957 (2008).  Subject matter jurisdiction in those cases was based, however, upon federal statutes.  The complaint in Winstar was filed pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, §§ 301-308, 103 Stat. 183 (codified as amended in scattered sections of 12 U.S.C.), and Patterson (which is no longer good law in any event) involved 42 U.S.C. § 1981.  A suit in contract or quasi-contract which does not implicate a federal statute, such as Boccio's, falls outside of federal question jurisdiction.

In addition, Boccio claims that federal question jurisdiction for his case is based on 28 U.S.C. § 1874.  That statute, however, applies to "actions to recover the forfeiture

-7-

annexed to any articles of agreement, covenant, bond, or other specialty...."  Moreover, it requires that the forfeiture "appear[] by default or confession of the defendant."  Boccio fails to allege facts demonstrating that that requirement has been met in this case and, thus, his claim of jurisdiction based on § 1874 is without merit.

Finally, Boccio attempts to establish federal question jurisdiction based on 28 U.S.C. § 1337 but fails to identify any statute regulating commerce that might be relevant to his claim. Accordingly, he may not rely on § 1337.  Having demonstrated no viable basis for subject matter jurisdiction, Boccio may not pursue his claim in this Court.


## ORDER

In accordance with the foregoing, Boccio's motion for relief from judgment (Docket No. 8) is **DENIED**.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 24, 2009